Eric R. McVittie, OSB #025644
Daniel J. Park, OSB #132493
LE GROS BUCHANAN & PAUL
4025 Delridge Way SW, Suite 500
Seattle, Washington  98106-1271
Phone:     206-623-4990
Facsimile: 206-467-4828
Email:  emcvittie@legros.com
Email:  dpark@legros.com

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| VIGOR MARINE LLC AND STARR INDEMNITY & LIABILITY COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> NW PROPELLER OPERATIONS, INC. <br><br> Defendant. | Case No. 3:20-cv-00915 <br><br> IN ADMIRALTY <br><br> **COMPLAINT** |

Plaintiff Vigor Marine LLC ("Vigor") and Starr Indemnity & Liability Company ("Starr") (collectively, "Plaintiffs"), allege as follows against NW Propeller Operations, Inc. ("Defendant" or "NWP"):

## I.      PARTIES

1.      Plaintiff Vigor Marine LLC is an Oregon limited liability company with a principal place of business in Portland, Oregon.

2.      Plaintiff Starr Indemnity & Liability Company is a Texas corporation with a principal place of business in New York, New York.

COMPLAINT - Page 1
[Case No. 3:20-cv-00915]

{29379-00610416;2}

3.      Defendant NW Propeller Operations, Inc. is a Washington corporation with a principal place of business in Lakewood, Washington.

## II.   JURISDICTION

4.      This Court has subject matter jurisdiction over this admiralty action for breach of a ship repair contract and tort under 28 U.S.C. §1333(1).

5.      The claims presented against Defendant are admiralty or maritime claims within the meaning of Fed. R. Civ. P. 9(h).

6.      This Court alternatively has subject jurisdiction pursuant to 28 U.S.C. § 1332, as the parties hereto are completely diverse and the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000).

7.      Venue is appropriate under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this judicial district, and Defendant is subject to the Court's personal jurisdiction with respect to this action.

## III.   FACTS

8.      In September 2016, the M/V COLUMBIA, a passenger ferry operated by the Alaska Marine Highway System ("AMHS"), reported to Vigor's shipyard in Portland, Oregon after the vessel's starboard propeller struck a submerged object.

9.      Vigor, in turn, subcontracted with NWP to inspect the vessel's controlled pitch propeller ("CPP") system.  NWP was the recognized representative for Escher Wyss AG, later succeeded by Andritz AG, which fabricated the vessel's CPP system.

10.     On or about September 26, 2016, Vigor issued Purchase Order No. 13PDX 103742 for NWP to provide, among other services, "Escher Wiess [sic] representative

services[.]"  Purchase Order No. 13PDX 103742 stated that Vigor's Standard Purchase Order Terms and Conditions are "incorporated in and will govern this Purchase Order."

11.      Vigor's Standard Purchase Order Terms and Conditions contained a "Performance Warranty" whereby NWP warranted to Vigor that NWP's goods and services conform to the description in the Purchase Order and "comply with (i) the Specifications, (ii) any samples provided by Seller, (iii) industry standards . . . and (iv) applicable law[.]"  Under the Performance Warranty, NWP also warranted to Vigor that its goods "are free from defects in materials and workmanship, and if any Goods or Services were designed by Seller or by Seller's suppliers, they are free from defects in design."  Vigor's Standard Purchase Order Terms and Conditions also permit Vigor to recover its reasonable attorney fees, costs and expenses if it is the prevailing party in any litigated dispute concerning the Purchase Order.

12.      In exchange for valuable consideration, NWP accepted in writing, orally, and/or by performance the contract to perform repair work on the M/V COLUMBIA.

13.      After NWP's inspection, the State of Alaska directed Vigor to proceed with a complete hub teardown and reassembly of the CPP system based, in part, upon the findings from NWP's investigation.

14.      On November 10, 2016, Vigor issued a revised Purchase Order No. 13PDX 103742 (revision #2), in the amount of $417,701.00, for NWP to provide, among other services "Escher Wiess Technical representative services" and "STBD side Hub repair."

15.      While performing the contracted services, NWP failed, among other deficiencies, to properly connect the inner and outer tubes in the CPP's oil distribution ("OD") box.

16.     On June 7, 2017, after the hub teardown and reassembly work was complete, the M/V COLUMBIA departed Vigor's shipyard to undergo sea trials.

17.     During the sea trials, the M/V COLUMBIA experienced a catastrophic failure of its starboard CPP system and became disabled.  The M/V COLUMBIA was towed back to Vigor's shipyard for diagnosis and repair.

18.     During the inspection, Vigor discovered that an inner oil tube coupling within the CPP system had disconnected, and Vigor engaged NWP to conduct a root cause investigation into the coupling failure.  NWP discovered, among other findings, that the inner and outer tubes in the OD box were improperly connected which failed to adequately secure the tubes to one another.

19.     Thereafter, Vigor proceeded to repair the damage to the M/V COLUMBIA's CPP system and other parts of the vessel sustained during the sea trials.  The sole and proximate cause of the post-sea trial damages to the M/V COLUMBIA was NWP's failure to properly connect the couplings in OD box and other deficiencies in performing the services and repairs set forth in revised Purchase Order No. 13PDX 103742.

20.     On October 1, 2017, Vigor submitted Invoice No. 357743 in the amount of $1,182,347.50 to the State of Alaska for the post-sea trial repairs to M/V COLUMBIA.  The State, however, refused to pay the invoice on the grounds that Vigor had performed improper and/or insufficient work during the initial hub teardown and reassembly.

21.     On May 2, 2018, Vigor submitted a claim to the State of Alaska for the unpaid invoice pursuant to AS § 36.30.620.  The State's contracting officer, however, denied the claim in its entirety.  The State attributed the CPP failure to the improper connections in the

CPP system and found there was ample evidence indicating that "Vigor and/or NWP failed to provide services meeting applicable standards of care and workmanship."

22.     At the times relevant hereto, Vigor maintained a commercial marine liability policy through Starr.  Starr paid a portion of the repair costs and other damages sustained by Vigor resulting from the State of Alaska's refusal to pay Invoice No. 357743 for the post-sea trial repairs.  Vigor incurred the remainder of these damages.

## IV.     FIRST CAUSE OF ACTION

### (Breach of Contract / Breach of Warranty)

23.     Plaintiffs incorporate herein all of the prior allegations set forth in their Complaint.

24.     Vigor contracted with NWP for services and repairs of the M/V COLUMBIA's CPP system and other parts of the vessel.  NWP accepted the contract in writing, orally and/or by performance of the work.

25.     NWP breached its obligations to Vigor under that contract by failing to properly perform those services and repairs on the M/V COLUMBIA.  Such breach was the sole, proximate cause of the damages the M/V COLUMBIA sustained during the sea trials on or about June 7, 2017.

26.     NWP is liable to Vigor for its breach of contract and breach of warranties, and Vigor is entitled to recover from NWP the losses it incurred when the State of Alaska refused to pay Invoice No. 357743, in an amount to be proven at trial.

27.     As subrogee to Vigor for this loss, Starr is entitled to recover from NWP all amounts paid pursuant to Vigor's insurance policy with Starr relating to NWP's breach of contract and breach of warranties.

## V.    SECOND CAUSE OF ACTION

### (Breach of Implied Warranty of Workmanlike Performance)

28.    Plaintiffs incorporate herein all of the prior allegations set forth in their Complaint.

29.    Vigor and NWP entered into a contract for services and repairs of the M/V COLUMBIA's CPP system and other parts of the vessel.  NWP accepted the contract in writing, orally and/or by performance of the work.

30.    Under the federal maritime law, NWP provided an implied warranty of workmanlike performance to Vigor in connection with such work.

31.    NWP breached its implied warranty to Vigor by failing to perform such services and repairs in a workmanlike manner.  Such breach caused the M/V COLUMBIA to sustain damages during the sea trials on or about June 7, 2017.

32.    NWP is liable to Vigor for the breach of its implied warranty of workmanlike performance, and Vigor is entitled to recover from NWP the losses it incurred when the State of Alaska refused to pay Invoice No. 357743, in an amount to be proven at trial.

33.    As subrogee to Vigor for this loss, Starr is entitled to recover from NWP all amounts paid pursuant to Vigor's insurance policy with Starr relating to NWP's breach of implied warranty of workmanlike performance.

## VI.    THIRD CAUSE OF ACTION

### (Negligence)

34.    Plaintiffs incorporate herein all of the prior allegations set forth in their Complaint.

35.    NWP agreed to perform services and repairs to the M/V COLUMBIA's CPP system and other parts of the vessel.  NWP owed a duty to Vigor to exercise reasonable care while performing those services and repairs to the CPP system and other parts of the vessel. NWP breached this duty.  Such breach was the sole, proximate cause of the damages the M/V COLUMBIA sustained during the sea trials on or about June 7, 2017.

36.    As subrogee to Vigor for this loss, Starr is entitled to recover from NWP all amounts paid pursuant to Vigor's insurance policy with Starr relating to NWP's negligence.

## V.  PRAYER FOR RELIEF

WHEREFORE, having stated their Complaint, Plaintiffs Vigor Marine LLC and Starr Indemnity & Liability Company pray for relief as follows:

1.    Damages in the amount of $895,374.50 or such other or further amount as may be established at trial;

2.    Prejudgment and post-judgment interest;

3.    Attorney's fees and costs; and

4.    Such other relief as the Court deems just and equitable.

DATED this 5th day of June, 2020.

LE GROS, BUCHANAN & PAUL

By: s/Eric McVittie
    s/Daniel Park
    Eric R. McVittie, OSB #025644
    Daniel J. Park, OSB #132493
    4025 Delridge Way SW, Suite 500
    Seattle, Washington  98106-1271
    Phone: 206-623-4990
    Facsimile: 206-467-4828
    Email:  emcvittie@legros.com
    dpark@legros.com

COMPLAINT - Page 7
[Case No. 3:20-cv-00915]

{29379-00610416;2}

Attorneys for Plaintiffs Vigor Marine LLC and
Starr Indemnity & Liability Company